B 1 (Official Form 1) (4/13)

| United States Bankruptcy Court<br>District of Delaware | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Samson Lone Star, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Samson LS, LLC** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) Complete EIN (if more than one, state all):<br>**45-3939455** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) Complete EIN (if more than one, state all): |

| Street Address of Debtor (No. and Street, City, and State):<br><br>**Two West Second Street**<br>**Tulsa, OK** | ZIP CODE<br>**74103-3103** | Street Address of Joint Debtor (No. and Street, City, and State): | ZIP CODE |
|---|---|---|---|
| County of Residence or of the Principal Place of Business:<br>**Tulsa County** | | County of Residence or of the Principal Place of Business: | |
| Mailing Address of Debtor (if different from street address): | ZIP CODE | Mailing Address of Joint Debtor (if different from street address): | ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | | | ZIP CODE |

### Type of Debtor
(Form of Organization)
(Check one box.)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☒ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box.)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☒ Other

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.)

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Chapter 15 Debtors

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

### Tax-Exempt Entity
(Check box, if applicable.)

☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

### Nature of Debts
(Check one box.)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☒ Debts are primarily business debts.

### Filing Fee (Check one box.)

☒ Full Filing Fee attached.

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
**Check one box:**
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Check all applicable boxes:**
☒ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

**Estimated Liabilities**

| $0- to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

B 1 (Official Form 1) (4/13) Page 2

| **Voluntary Petition** _(This page must be completed and filed in every case)_ | **Name of Debtor(s):** Samson Lone Star, LLC | | |
|---|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | | |
| Location Where Filed:     N/A | Case Number: N/A | | Date Filed: N/A |
| Location Where Filed: | Case Number: | | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: **See attached Rider 1** | Case Number: | Date Filed: |
| District: **District of Delaware** | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ Signature of Attorney for Debtor(s)          (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No. (See attached Exhibit C).

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

B 1 (Official Form 1) (4/13)                                                                                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Samson Lone Star, LLC |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

X _____ (signature)
Signature of Foreign Representative

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney***

X _____ (signature)
Signature of Attorney for Debtor(s)

Domenic E. Pacitti (DE Bar No. 3989)
Printed Name of Attorney for Debtor(s)

Klehr Harrison Harvey Branzburg LLP
Firm Name

919 N. Market Street, Suite 1000
Wilmington, Delaware 19801
Address

(302) 426-1189
Telephone Number

September 16, 2015
Date

* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____ (signature)
Signature of Authorized Individual

Philip W. Cook
Printed Name of Authorized Individual

Executive Vice President and Chief Financial Officer
Title of Authorized Individual

September 16, 2015
Date

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form of each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

**RIDER 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.   The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Samson Resources Corporation

1.    Samson Resources Corporation

2.    Geodyne Resources, Inc.

3.    Samson Contour Energy Co.

4.    Samson Contour Energy E&P, LLC

5.    Samson Holdings, Inc.

6.    Samson-International, Ltd.

7.    Samson Investment Company

8.    Samson Lone Star, LLC

9.    Samson Resources Company

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| SAMSON LONE STAR, LLC, | ) ) | Case No. 15-_____ (___) |
| Debtor. | ) ) ) | |

## EXHIBIT "C" TO VOLUNTARY PETITION

1.  Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

    The above-captioned debtor (the "Debtor") engages in the exploration, development, and production of oil and natural gas. The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

    The Debtor has been and is currently engaged in litigation with certain governmental units and private third parties related to certain real property owned or possessed by the Debtors. The Debtor does not believe that this real property poses a "threat of imminent and identifiable harm to the public health or safety."

2.  With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

    The Debtor is not aware of any dangerous conditions existing on or related to any real or personal property owned or possessed by the Debtor that pose or are alleged to pose a threat of imminent and identifiable harm to the public health or safety. The Debtor notes that it is not aware of any definition of "imminent and identifiable harm" as used in this form.

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SAMSON LONE STAR, LLC, | ) | Case No. 15-_____ (____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Samson Lone Star, LLC | Samson Resources Company | Two West Second Street Tulsa, OK 74103-3103 | 1.1% |
| Samson Lone Star, LLC | Samson Holdings, Inc. | Two West Second Street Tulsa, OK 74103-3103 | 98.9% |

## DECLARATION UNDER PENALTY OF PERJURY

I, Philip W. Cook, the undersigned Executive Vice President and Chief Financial Officer of Samson Lone Star, LLC, the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my knowledge, information, and belief.

Dated: September 16, 2015

_____
Philip W. Cook
Executive Vice President and
Chief Financial Officer

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAMSON LONE STAR, LLC, | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following organizational chart identifies all entities having a direct or indirect ownership interest of the above-captioned debtor in possession (the "Debtor") and any entity in which the Debtor owns an interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Samson Resources Company | 1.1% |
| Samson Holdings, Inc. | 98.9% |

### DECLARATION UNDER PENALTY OF PERJURY

I, Philip W. Cook, the undersigned Executive Vice President and Chief Financial Officer of Samson Lone Star, LLC, the debtor in this case, declare under penalty of perjury that I have read the corporate ownership statement and that it is true and correct to the best of my knowledge, information, and belief.

Dated: September 16, 2015

                                        _____
                                        Philip W. Cook
                                        Executive Vice President and
                                        Chief Financial Officer

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SAMSON LONE STAR, LLC, | ) | Case No. 15-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## THE LARGEST 50 UNSECURED CLAIMS

The above-captioned debtor and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"),[1] each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is a consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") based on the Debtors' books and records. The consolidated list is prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 50 largest unsecured claims on a consolidated basis. None of these creditors is a minor child. The information contained herein shall neither constitute an admission of liability by, nor is binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Geodyne Resources, Inc. (2703); Samson Contour Energy Co. (7267); Samson Contour Energy E&P, LLC (2502); Samson Holdings, Inc. (8587); Samson-International, Ltd. (4039); Samson Investment Company (1091); Samson Lone Star, LLC (9455); Samson Resources Company (8007); and Samson Resources Corporation (1227). The location of parent Debtor Samson Resources Corporation's corporate headquarters and the Debtors' service address is: Two West Second Street, Tulsa, Oklahoma 74103.

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM *(trade debt, bank loan, government contract, etc.)* | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(if secured also state value of security)* |
|---|---|---|---|
| WILMINGTON TRUST CORPORATION - AS TRUSTEE<br>ATTN: STEVEN M. CIMALORE<br>VICE PRESIDENT<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890<br>UNITED STATES<br><br>PHONE: 302.636.6058<br><br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION - AS TRUSTEE<br>ATTN: PATRICK GIORDANO<br>750 N. SAINT PAUL PLACE, SUITE 1750<br>DALLAS, TX 75201<br><br>PHONE: 214.756.7401 | 9.750% Senior Notes Due 2020 | | $2,378,578,125.00 |
| NABORS DRILLING USA, LP<br>ATTN: WILLIAM RESTREPO<br>CHIEF FINANCIAL OFFICER<br>515 WEST GREENS ROAD<br>SUITE 1200<br>HOUSTON, TX  77067<br>UNITED STATES<br><br>PHONE: 281.841.0035<br>FAX: 281.775.8462 | Trade Debt | | $3,688,750 |
| NORTHERN ELECTRIC INC<br>ATTN: TYLER FLEMING<br>CHIEF FINANCIAL OFFICER<br>12789 EMERSON STREET<br>THORNTON, CO  80241<br>UNITED STATES<br><br>PHONE: 303.428.6969<br>FAX: 303.428.6669<br>EMAIL: TFLEMING@NORTHERNELEC.COM | Trade Debt | Disputed | $924,129 |
| DANLIN INDUSTRIES CORPORATION<br>ATTN: DANNY J FLOYD<br>PRESIDENT<br>23737 STATE HIGHWAY 47<br>THOMAS, OK  73669<br>UNITED STATES<br><br>PHONE: 560.661.3248<br>FAX: 580.661.3215 | Trade Debt | | $498,599 |
| J-W POWER COMPANY<br>ATTN: HOWARD G WESTERMAN<br>CHIEF EXECUTIVE OFFICER<br>15505 WRIGHT BROTHERS DR<br>ADDISON, TX  75001<br>UNITED STATES<br><br>PHONE: 972.233.8191<br>FAX: 972.991.0704 | Trade Debt | | $367,564 |

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM *(trade debt, bank loan, government contract, etc.)* | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(if secured also state value of security)* |
|---|---|---|---|
| PINNERGY LTD.<br>ATTN: RANDY TAYLOR<br>CHIEF EXECUTIVE OFFICER<br>111 CONGRESS AVE STE 2020<br>AUSTIN, TX 78701<br>UNITED STATES<br><br>PHONE: 512.343.8880<br>FAX: 512.343.8885 | Trade Debt | | $270,440 |
| EXTERRAN ENERGY SOLUTIONS LP<br>ATTN: JON C BIRO<br>CHIEF FINANCIAL OFFICER<br>16666 NORTHCHASE DR<br>HOUSTON, TX 77060<br>UNITED STATES<br><br>PHONE: 281.836.7000 | Trade Debt | | $220,070 |
| ENERVEST OPERATING LLC<br>ATTN: JAMES M VANDERHIDER<br>CHIEF FINANCIAL OFFICER<br>1001 FANNIN STREET<br>SUITE 800<br>HOUSTON, TX 77002<br>UNITED STATES<br><br>PHONE: 713.659.3500 | Trade Debt | | $211,865 |
| RONMAN TRUCKING LLC<br>8552 S FORREST ST<br>HIGHLANDS RANCH, CO 80126-2944<br>UNITED STATES | Trade Debt | | $207,786 |
| HECKMANN WATER RESOURCES (CVR) INC<br>ATTN: GREG HEINLEIN<br>CHIEF FINANCIAL OFFICER<br>DBA NUVERRA ENVIRONMENTAL SOLUTIONS<br>14624 N SCOTTSDALE ROAD<br>SUITE 300<br>SCOTTSDALE, AZ 85254<br>UNITED STATES<br><br>PHONE: 602.903.7802<br>FAX: 602.903.7806 | Trade Debt | | $199,828 |
| NORTHWEST SEPTIC & OILFIELD SERVICE INC<br>ATTN: CHIEF FINANCIAL OFFICER<br>11955 ND 5 NW<br>CROSBY, ND 58730<br>UNITED STATES<br><br>PHONE: 701.965.6543 | Trade Debt | | $194,725 |

2

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|
| R360 ENVIRONMENTAL SOLUTIONS HOLDINGS INC ATTN: RONALD J MITTELSTAEDT DIRECTOR DBA PRAIRIE DISPOSAL 3 WATERWAY SQUARE PLACE SUITE 110 THE WOODLANDS, TX 77380 UNITED STATES PHONE: 281.872.7360 EMAIL: INFO@R360ES.COM | Trade Debt | | $176,346 |
| PORTAL SERVICE COMPANY INC C/O RECEIVABLES CONTROL CORP 7373 KIRKWOOD CT. SUITE 200 MAPLE GROVE, MN 55369 UNITED STATES PHONE: 763.315.9600 | Trade Debt | | $147,752 |
| BASIC ENERGY SERVICES LP ATTN: ALAN KRENEK CHIEF FINANCIAL OFFICER 801 CHERRY STREET SUITE 2100, UNIT#21 FORT WORTH, TX 76102 UNITED STATES PHONE: 817.334.4100 | Trade Debt | | $139,671 |
| GENESIS ENDEAVORS LLC ATTN: WESLEY J MAHONE MANAGER 1121 JUDSON RD. LONGVIEW, TX 75601 UNITED STATES PHONE: 903.553.0444 FAX: 903.553.0442 | Trade Debt | | $138,336 |
| CONOCOPHILLIPS ATTN: JAMES H. VAIANA MANAGING COUNSEL - LOWER 48 E&P THREE WESTLAKE PARK 550 WESTLAKE PARK BLVD HOUSTON, TX 77079-1175 UNITED STATES | Trade Debt & Gas Balancing | | $133,687 |
| CHESAPEAKE OPERATING, INC. ATTN: PAUL TRIMBLE MANAGING ATTORNEY 6100 N. WESTERN AVENUE OKLAHOMA CITY, OK 73118 UNITED STATES PHONE: 405.935.1944 FAX: 405.849.1944 EMAIL: PAUL.TRIMBLE@CHK.COM | Contract Dispute & Gas Balancing | Unliquidated, Disputed | $132,981 +Undetermined |

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM *(trade debt, bank loan, government contract, etc.)* | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(if secured also state value of security)* |
|---|---|---|---|
| TRU-TECH PRODUCTS LLC<br>ATTN: CHIEF FINANCIAL OFFICER<br>110 RICHFIELD CT<br>WRIGHT, WY  82732-0068<br>UNITED STATES<br><br>PHONE: 307.464.1155<br>FAX: 307.464.0508 | Trade Debt | | $123,818 |
| CONESTOGA PRODUCTION SERVICES LLC<br>ATTN: JERRY BROWN<br>PRESIDENT<br>2905 COUNTRY ROAD 205 N<br>HENDERSON, TX  75652-9320<br>UNITED STATES<br><br>PHONE: 903.657.6703<br>FAX: 903.655.0920<br>EMAIL: JBROWNCR205@GMAIL.COM | Trade Debt | | $118,543 |
| GLOBE ENERGY SERVICES LLC<br>ATTN: TROY BOTTS JR<br>CHIEF EXECUTIVE OFFICER<br>3204 WEST HIGHWAY 180<br>SNYDER, TX  79549<br>UNITED STATES<br><br>PHONE: 325.573.1310 | Trade Debt | | $108,564 |
| SES USA HOLDINGS INC<br>ATTN: RENE AMIRAULT<br>PRESIDENT & CEO<br>DBA SECURE ENERGY SERVICES USA LLC<br>5807 FRONT STREET W<br>WILLISTON, ND  58801-8725<br>UNITED STATES<br><br>PHONE: 701.774.7570 | Trade Debt | | $106,134 |
| ARROW ELECTRIC INC<br>ATTN: CHIEF FINANCIAL OFFICER<br>2224 124T AVE NW<br>WATFORD CITY, ND  58854-6500<br>UNITED STATES<br><br>PHONE: 701.842.3088 | Trade Debt | | $85,996 |
| CIMAREX ENERGY CO<br>ATTN: PAUL KORUS<br>CHIEF FINANCIAL OFFICER<br>1700 LINCOLN STREET<br>SUITE 3700<br>DENVER, CO  80203-4518<br>UNITED STATES<br><br>PHONE: 303.295.3995<br>FAX: 303.295.3494 | Trade Debt | | $84,195 |

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM *(trade debt, bank loan, government contract, etc.)* | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM *(if secured also state value of security)* |
|---|---|---|---|
| INDUSTRIAL OILS UNLIMITED INC<br>ATTN: ELAINE BASUELL<br>CHIEF FINANCIAL OFFICER<br>3633 CHARLES PAGE BLVD<br>TULSA, OK  74127<br>UNITED STATES<br><br>PHONE: 918.583.1155<br>FAX: 918.583.6457 | Trade Debt | | $76,751 |
| WEATHERFORD US HOLDINGS LLC<br>ATTN: KRISHNA SHIVRAM<br>CHIEF FINANCIAL OFFICER<br>DBA WEATHERFORD ARTIFICIAL LIFT SYS<br>2000 ST JAMES PLACE<br>HOUSTON, TX  77056<br>UNITED STATES<br><br>PHONE: 713.836.4000 | Trade Debt | | $75,618 |
| ACADIANA MAINTENANCE SERVICE LLC<br>ATTN: KEITH ROMERO<br>DIRECTOR<br>1433 JANE STREET<br>NEW IBERIA, LA  70563-1541<br>UNITED STATES<br><br>PHONE: 337.256.5881 | Trade Debt | | $68,880 |
| LOUISIANA MACHINERY COMPANY LLC<br>HEARTLAND COMPRESSION SERVICES<br>P.O. BOX 54942<br>NEW ORLEANS, LA  70154-4942<br>UNITED STATES | Trade Debt | | $68,021 |
| JONES ENERGY LTD<br>ATTN: ROBERT J BROOKS<br>CHIEF FINANCIAL OFFICER<br>807 LAS CIMAS PARKWAY<br>SUITE 350<br>AUSTIN, TX  78746<br>UNITED STATES<br><br>PHONE: 512.328.2953<br>FAX: 512.328.5394 | Trade Debt | | $66,406 |
| LUFKIN INDUSTRIES INC<br>ATTN: JOHN F GLICK<br>CEO<br>601 S RAGUET STREET<br>LUFKIN, TX  75904<br>UNITED STATES<br><br>PHONE: 936.634.2211 | Trade Debt | | $65,847 |
| CORE LABORATORIES LP<br>ATTN: RICHARD L BERGMARK<br>CHIEF FINANCIAL OFFICER<br>4616 N. MINGO RD.<br>TULSA, OK  74117<br>UNITED STATES<br><br>PHONE: 918.834.2337 | Trade Debt | | $64,903 |

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|
| CONTINENTAL RESOURCES, INC. ATTN: ERIC EISSENSTAT IN HOUSE COUNSEL 20 N. BROADWAY OKLAHOMA CITY, OK 73102 UNITED STATES | Contract Dispute | Unliquidated, Disputed | Undetermined |
| DANNY SOULIER 10307 S BULL RUN DRIVE SOUTH JORDAN, UT 84095-6111 UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |
| EDWARD N. AGURKIS, JR., AN INDIVIDUAL ATTN: PETE WALL BURNS, WALL AND MUELLER, P.C. 303 EAST 17TH AVE. SUITE 800 DENVER, CO 80203 UNITED STATES  PHONE: 303.830.7000 | Contract Dispute | Unliquidated, Disputed | Undetermined |
| G4, LLC 2200 PIRATES LOOP SE #5 MANDAN, ND 58554 UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |
| JAMES J. SIMMONS, AN INDIVIDUAL ATTN: PETE WALL BURNS, WALL AND MUELLER, P.C. 303 EAST 17TH AVE. SUITE 800 DENVER, CO 80203 UNITED STATES  PHONE: 303.830.7000 | Contract Dispute | Unliquidated, Disputed | Undetermined |
| LOLA MICHAUD AS REPRESENTATIVE FOR THE ESTATE OF LLEWELLYN DORT ATTN: FRANK R. CHAPMAN AND THOMAS A. VALDEZ ATTORNEY CHAPMAN VALDEZ & LANSING P.O. BOX 2710 CASPER, WY 82602-2710 UNITED STATES  PHONE: 307.237.1983 FAX: 307.577.1871 | Litigation | Unliquidated, Disputed | Undetermined |
| MICHAEL H. MITCHELL ATTN: DERRICK BRAATEN ATTORNEY BAUMSTARK BRAATEN LAW PARTNERS 109 N. 4TH ST. STE. 100 BISMARCK, ND 58501-4044 UNITED STATES  PHONE: 701.221.2911 FAX: 701.221.5842 | Title Dispute | Unliquidated, Disputed | Undetermined |

6

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|
| NARROW DOOR INTERESTS LP<br>3205 APPERSON DRIVE<br>MIDLAND, TX  79705-4803<br>UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |
| ONEOK ROCKIES MIDSTREAM, LLC<br>ATTN: CHRISTY WILLIAMSON<br>DIRECTOR ROCKIES ASSETS<br>P.O. BOX 871<br>100 WEST 5TH STREET (74103)<br>TULSA, OK  74102-0871<br>UNITED STATES<br><br>PHONE: 918.588.7965 | Contract Dispute | Unliquidated, Disputed | Undetermined |
| PANTHER CREEK RESOURCES<br>ATTN: PETE WALL<br>BURNS, WALL AND MUELLER, P.C.<br>303 EAST 17TH AVE.<br>SUITE 800<br>DENVER, CO  80203<br>UNITED STATES<br><br>PHONE: 303.830.7000 | Contract Dispute | Unliquidated, Disputed | Undetermined |
| PRESCO, INC.<br>ATTN: PETE WALL<br>BURNS, WALL AND MUELLER, P.C.<br>303 EAST 17TH AVE.<br>SUITE 800<br>DENVER, CO  80203<br>UNITED STATES<br><br>PHONE: 303.830.7000 | Contract Dispute | Unliquidated, Disputed | Undetermined |
| RICK VAN HERSH, III<br>P.O. BOX 7608<br>MIDLAND, TX  79708-7608<br>UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |
| RLCAPPS FAMILY 2008 LP<br>P.O. BOX 6025<br>MIDLAND, TX  79704-6025<br>UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |
| ROBERT E. TURNER REPRESENTATIVE OF JAMES S. TURNER AND THE ESTATE OF MARILYN TURNER<br>ATTN: TIMOTHY PEARSE AND J. NICHOLAS MURDOCK<br>ATTORNEY<br>MURDOCK LAW FIRM, P.C.<br>123 W. 1ST ST.<br>STE. 675<br>CASPER, WY  82601<br>UNITED STATES<br><br>PHONE: 307.235.0480<br>FAX: 877.216.5037 | Litigation | Unliquidated, Disputed | Undetermined |

7

| NAME OF CREDITOR, COMPLETE MAILING ADDRESS, AND EMPLOYEE, AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | INDICATE IF CLAIM IS CONTINGENT, UNLIQUIDATED, DISPUTED, OR SUBJECT TO SETOFF | AMOUNT OF CLAIM (if secured also state value of security) |
|---|---|---|---|
| SHANKEDRA BRADLEY<br>ATTN: C/O BEN C. MARTIN, THOMAS WM. ARBON AND RUSSELL T. BUTTON<br>ATTORNEY<br>LAW OFFICES OF BEN C. MARTIN<br>3219 MCKINNEY AVE.<br>SUITE 100<br>DALLAS, TX 75204<br>UNITED STATES<br><br>PHONE: 214.761.6614 | Litigation | Unliquidated, Disputed | Undetermined |
| SOO LINE RAILROAD COMPANY<br>ATTN: REAL ESTATE DEPT<br>DBA CANADIAN PACIFIC RAILWAY<br>120 S 6TH STREET<br>SUITE 900<br>MINNEAPOLIS, MN 55402-1812<br>UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |
| STATE OF OKLAHOMA<br>ATTN: OKLAHOMA TAX COMMISSION<br>409 NE 28TH ST.<br>OKLAHOMA CITY, OK 73105<br>UNITED STATES<br><br>PHONE: 405.319.8550<br>EMAIL: OTCMASTER@TAX.OK.GOV | Unpaid Escheatment | Unliquidated, Disputed | Undetermined |
| WALTER ALATORRE DIAZ AS REPRESENTATIVE FOR THE ESTATE OF GERARDO ALATORRE<br>ATTN: MICHAEL NEWMAN<br>ATTORNEY<br><br>THE LAW OFFICES OF HAMPTON & NEWMAN, L.C.<br>118 3RD ST.<br>P.O. BOX 1000<br>ROCK SPRINGS, WY 82902<br>UNITED STATES<br><br>PHONE: 307.382.6443<br>FAX: 307.382.7866 | Litigation | Unliquidated, Disputed | Undetermined |
| XOG EMPLOYEE ROYALTY FUND LLC<br>P.O. BOX 352<br>MIDLAND, TX 79702-0352<br>UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |
| XOG OPERATING LLC / GERONIMO HOLDING COMPANY<br>ATTN: DANNY SOULIER<br>1801 TEXAS AVENUE<br>MIDLAND, TX 79701<br>UNITED STATES | Litigation | Unliquidated, Disputed | Undetermined |

## DECLARATION UNDER PENALTY OF PERJURY

I, Philip W. Cook, the undersigned Executive Vice President and Chief Financial Officer of Samson Lone Star, the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing consolidated list of creditors holding the largest 50 unsecured claims and that it is true and correct to the best of my knowledge, information, and belief.

Dated: September 16, 2015

Philip W. Cook
Executive Vice President and
Chief Financial Officer

## SAMSON LONE STAR, LLC

Secretary's Certificate

The undersigned, being the Secretary of Samson Lone Star, LLC, a Delaware limited liability company (the "Company"), does hereby certify, on behalf of the Company and not in an individual capacity, as follows:

1. I am the duly qualified and appointed Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto as Annex 1 is a true, correct, and complete copy of resolutions duly adopted by members of the Company at a telephonic meeting on September 16, 2015 (the "Resolutions").

3. The Resolutions have not been modified or rescinded, and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed and caused this certificate to be delivered on behalf of the Company as of September 16, 2015.

Samson Lone Star, LLC

By: _____
Name: Charles L. McLawhorn, III
Title: Secretary

**ANNEX 1**

**Samson Lone Star, LLC**

**RESOLUTIONS OF MEMBERS**

**September 16, 2015**

The members (the "Members") of Samson Lone Star, LLC, a Delaware limited liability company (the "Company"), **DO HEREBY CONSENT** to the taking of the following actions and **DO HEREBY ADOPT** the following resolutions pursuant to the Company's bylaws and the Limited Liability Company Act of the State of Delaware.

WHEREAS, the Members have considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest; and

WHEREAS, the Members have had the opportunity to consult with the Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to the Company.

*Chapter 11 Filing*

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the Members, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and

FURTHER RESOLVED, that any officers designated by the Members (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, applications, pleadings, lists, motions, and other papers or documents as necessary to commence the Chapter 11 Cases and obtain chapter 11 relief, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

*Retention of Professionals*

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the

3

Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Klehr Harrison Harvey Branzburg LLP as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Klehr Harrison Harvey Branzburg LLP; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Alvarez & Marsal LLC; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Blackstone Advisory Partners L.P. as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Blackstone Advisory Partners L.P.; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Garden City Group, LLC as notice and claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers to, and cause to be filed an appropriate application for authority to retain the services of Garden City Group, LLC; and

FURTHER RESOLVED, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause

to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

### *Cash Collateral and Adequate Protection*

FURTHER RESOLVED, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is authorized and directed to seek approval of a cash collateral order in interim and final form (a "Cash Collateral Order"), and each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Cash Collateral Order, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant liens to the Company's existing lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

### *Backstop Commitment*

FURTHER RESOLVED, that, in connection with the commencement of the Chapter 11 Cases, each of the Authorized Officers, acting alone or with one or more other Authorized Officers, is authorized and directed to seek approval of a backstop order in accordance with a backstop motion substantially in the form previously reviewed by the Board of the Company, in interim and final form (a "Backstop Order") and cause the Company to enter into a backstop commitment agreement substantially in the form previously reviewed by the Board of the Company (the "Backstop Commitment Agreement") with the Backstop Parties (as defined therein), and each of the Authorized Officers be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary to implement the Backstop Order and consummate the transactions contemplated by the Backstop Commitment Agreement, as well as any additional or further agreements in connection therewith and the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant or pay certain fees to the Backstop Parties, and each other agreement, instrument, or document to be executed and delivered in connection therewith, in each case by or on behalf of the Company pursuant thereto or in connection therewith, and with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

### *General*

FURTHER RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name

of and on behalf of the Company, to take or cause to be taken any and all such other and further action to: execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents; and pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

FURTHER RESOLVED, that all members of the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Members; and

FURTHER RESOLVED, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

\* \* \* \* \*